## JOHN B. MATTHEW ET AL. V. MATHILDA FORSLUND.

WRIT OF ERROR—DISMISSAL OF FOR WANT OF PROSECUTION.

Motion by plaintiffs and appellees to dismiss writ of error for want of prosecution. Granted November 12, 1896.

*John D. Barry (Julius J. Patek, of counsel), for motion.*

*Buck & Waples, contra.*

The facts as shown by the record, and as alleged in the affidavits filed in support of and in opposition to the motion, were:

1. That on August 10, 1895, the plaintiffs recovered judgment in justice's court against the defendant for $101.73, and costs of suit.

2. That said judgment was removed by *certiorari* to the circuit court of Gogebic county, the error assigned being want of jurisdiction in the justice to proceed with the trial of the case because the provisions of the statute were not followed, in that service of the writ of attachment upon the garnishee defendant was made upon a day when valid service

could have been made upon the principal defendant, whereas the statute requires that the entire time during which valid service can be made upon the principal defendant, if found within the county, shall have elapsed before service can be made upon the garnishee defendant so as to be the basis for a valid judgment against the principal defendant.

3. That it appeared from there turn of the justice of the peace to the *certiorari*:

*a*—That on July 3, 1895, affidavits in attachment and in garnishment were filed with the justice; that a writ of attachment against the property of the defendant and a summons in garnishment against the Gogebic Hardwood Manufacturing Company were issued and made returnable July 9, 1895, at nine o'clock a. m.; that the garnishee summons was returned personally served upon the general manager of the garnishee defendant; that the constable returned that on July 3, 1895, he seized in the hands of the garnishee defendant $101.73 in money of the goods and chattels of the principal defendant, and because said defendant could not be found in the county of Gogebic he left a certified copy of said writ of attachment with the garnishee defendant, in whose possession he found said money.

*b*—That on July 9, said return showing that the defendant could not be found, said cause was adjourned to August 10, 1895, at 9 a. m. at same place.

*c*—That on August 10, plaintiffs appeared by their attorney, and declared orally on the common courts in *assump sit*, to their damage $300; that, after waiting one hour and defendant not appearing, judgment was rendered in favor of the plaintiffs and against the defendant for $100.73, and $4.75 costs.

4. That on March 7, 1896, a writ of error was sued out by said principal defendant, returnable April 6, 1896, on which day said writ was returned with a transcript of the record in said case.

5. That on November 4, 1896, the plaintiffs and appellees moved to dismiss said writ of error for want of prosecution.

6. That it appears from the affidavit of Julius J. Patek, of counsel for plaintiffs, filed in support of said motion, that on June 25, 1896, notice of the argument of said appeal at the October, 1896, term of court was duly served upon the attorneys for the appellant; that on the day fixed for said hearing the case was stricken from the docket because of the failure of the appellant to file and serve the printed record, as required by the rules of court; that the appellant, up to the time of the entry of said motion, had failed to file such printed record.

7. That an affidavit in opposition to said motion made by Belmont Waples, one of the attorneys for the appellant, was filed, in which it was averred:

That there was then pending in the Supreme Court a chancery suit involving substantially the same cause of action as that involved in said attachment suit; that the solicitors in said chancery suit had stipulated that the same should be brought on for hearing at said October, 1896, term of Court with the consent of the Court; that deponent had mentioned said fact to John D. Barry, attorney for the plaintiffs and appellees, and solicitor for the same parties in said chancery suit; that he had replied that he had no objection to such course being pursued; that in reliance upon such arrangement the record and brief in said attachment suit had not been printed; that neither of the attorneys for the appellant had been requested by the attorney for the appellees or by their counsel to prepare and print said record and brief, nor had they or either of them been advised that the appellees desired to have the case disposed of before the said chancery suit; that the hearing of the case had not been postponed for the purpose of vexatious delay, but that such hearing might follow the hearing and disposition of said chancy suit.

8. That the affidavit of John D. Barry, the attorney for the appellees, in answer to the affidavit last recited, was filed, in which it was averred:

a—That each and every allegation made by said Waples and contained in his affidavit relative to said attachment case was untrue.

b—That there was not then nor ever had been pending in the Supreme Court a suit in chancery between the appellant and appellees involving the same or substantially the same cause of action as was involved in said attachment case; that deponent had never stipulated to defer the argument of said attachment case to some other term of court than that for which it had been noticed as aforesaid; that deponent had stated to said Waples on different occasions that Julius J. Patek, counsel for appellees, had exclusive charge of said case.

c—That the purpose of serving notice of hearing as early as June 25, 1896, was to bring said case on for hearing at said October, 1896, term of Court, of which fact said Waples had full knowledge.